Record No. 12-1477

# IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

JAMES BUECHLER,

*Plaintiff - Appellant,*

v.

YOUR WINE & SPIRIT SHOPPE, INC.,
D/B/A YOUR WINE & SPIRIT SHOPPE,

*Defendant - Appellee,*

DOES 1-10, INCLUSIVE,

*Defendant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE

## REPLY BRIEF OF APPELLANT

E. David Hoskins
THE LAW OFFICE OF
E. DAVID HOSKINS, LLC
Quadrangle Bldg at Cross Keys
2 Hamill Road, Suite 362
Baltimore, MD 21210
(410) 662-6500

*Counsel for Appellant*
*James Buechler*

July 10, 2012

# TABLE OF CONTENTS

<u>PAGE</u>

TABLE OF AUTHORITIES ................................................................. iii

ARGUMENT ...................................................................................1

    A.    The Plaintiff's First Amended Complaint Added Material Facts that Were Not Addressed by Defendant and Precluded The Entry of Summary Judgment .................................................................1

    B.    EFTA Applies Different Rules to "Financial Institutions" and "Automated Teller Machine Operators" .................................................4

    C.    The District Court Failed to Enforce Federal Rules of Civil Procedure 56(c).........................................................................................7

    D.    The Defendant Failed to Establish That it Was Entitled to the Affirmative Defense Provided by 15 U.S.C. § 1693m(e)....................10

    E.    The District Court Abused its Discretion by Failing to Allow the Plaintiff an Opportunity to Properly Support the Allegations of Actual Damages .................................................................................14

CONCLUSION .............................................................................15

CERTIFICATE OF COMPLIANCE....................................................16

CERTIFICATE OF SERVICE .........................................................17

# TABLE OF AUTHORITIES

## CASES

Alexander v. CareSource,
    576 F.3d 551 (6th Cir. 2009) ...........................................................8

Bengston v. Gibbs,
    884 F.2d 1387 (4th Cir. 1989) .......................................................11

Blount v. Carlson Hotels,
    No. 3:11-cv-452-MOC-DSC, 2011 WL. 6098697 (W.D.N.C. Dec. 6,
    2011) ..................................................................................................1

Carmona v. Toledo,
    215 F.3d 124 (1st Cir. 2000)............................................................8

Doe v. Chao,
    306 F.3d 170 (4th Cir. 2002) aff'd, 540 U.S. 614, 124 S. Ct. 1204, 157
    L. Ed. 2d 1122 (2004)...............................................................12, 13

Exxon Corp. v. Yarema,
    69 Md. App. 124, 516 A.2d 990 (1986) .........................................12

Feingold v. Se. Pa. Transp. Auth.,
    512 Pa. 567, 517 A.2d 1270 (1986)................................................12

Orr v. Bank of America, NT & SA,
    285 F.3d 764 (9th Cir. 2002) ...........................................................9

Orsi v. Kirkwood,
    999 F.2d 86 (4th Cir. 1993) ..............................................................7

In re Rood,
    459 B.R. 581 (Bankr. D. Md. 2011).............................................12

Lambe-Young, Inc. v. Cook,
    320 S.E.2d 699 (N.C.App. 1984) ..................................................11

Nordetek Environmental, Inc. v. RDP Technologies, Inc.,
    CIV.A. 09-4714, 2012 WL. 1719660 (E.D. Pa. May 16, 2012) ...................12

Scott v. Edinburg,
    346 F.3d 752 (7th. Cir. 2003) ...........................................................8

Shanklin v. Fitzgerald, 397 F.3d 596 (8th Cir. 2005)...............................8

Weber v. Battista, 494 F.3d 179 (D.C. Cir. 2007).....................................9

Young v. City of Mount Ranier, 238 F.3d 567 (4th Cir. 2001)................1

**STATUTES**

5 U.S.C. § 552a(g)(4)................................................................12

15 U.S.C. §§ 1601-1693 ...........................................................12

15 U.S.C. § 1693b(3)(C)..........................................................5, 6

15 U.S.C. § 1693b(3)(D)(i) .........................................................5

15 U.S.C. §1693m(e) ...............................................3, 4, 6, 7, 10, 11, 14

**REGULATIONS**

12 C.F.R. § 205.16(a)...............................................................5

**RULES**

Fed. R. Civ. Proc. 15(a) ............................................................1

Fed. R. Civ. Proc. 56(c) ............................................................7

Fed. R. Civ. Proc. 56(c)(1)(A) .................................................8

Fed. R. Civ. Proc. 56(e) ......................................................8, 9, 14, 15

Fed. R. Civ. Proc. 56(e)(1).................................................................8

Fed. R. Evid. 201 ........................................................................15

## MISCELLANEOUS

10 J. Moore <u>et</u> <u>al</u>. <u>Moore's Federal Practice</u> § 56.92[3] (3d ed. 2011) ......................7

<u>Black's Law Dictionary</u> (9th ed. 2009). ................................................12

Wright's <u>Federal Practice</u> § 1476 ......................................................1, 2

## ARGUMENT

**A.    The Plaintiff's First Amended Complaint Added Material Facts that Were Not Addressed by Defendant and Precluded The Entry of Summary Judgment**

The Plaintiff's opening brief explained that most federal courts, including the Fourth Circuit, have adopted a strait forward rule that when a plaintiff elects the option to amend the original complaint as a matter of course, all previously filed motions directed at the original complaint are to be denied as moot. This is because an amended pleading supersedes the original pleading, rendering it a nullity. See, e.g. Blount v. Carlson Hotels, No. 3:11-cv-452-MOC-DSC, 2011 WL 6098697, at *1 (W.D.N.C. Dec. 6, 2011) (citing Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001)). The District Court of Maryland, in this case and in several other recent opinions, has relied upon three sentences from Wright's Federal Practice § 1476 and not followed this rule, choosing in some instances to rule on motions directed at superseded complaints.

The Plaintiff's opening brief explained how this approach undercuts the option provided by Fed. R. Civ. Proc. 15(a) to amend the complaint once as a matter of course before a responsive pleading is served and leads to an unnecessary waste of resources with litigants on both sides filing protective memoranda addressing superseded complaints.

Defendant's brief fails to address these arguments. It does not point to any

1

decision of the Fourth Circuit authorizing the approach taken by the District Court in this case. It also fails to identify any reported decision that could have served as the original source and basis of the three sentences from Wright's <u>Federal Practice</u> § 1476.

It does not explain how a District Court can logically, on the one hand, treat an original complaint as superseded and of no legal effect while, on the other hand, rule on a portion of a motion directed at the superseded pleading. Defendant's brief offers no justification for a system that would require the filing of protective memoranda by litigants who cannot predict whether the District Court will treat a motion directed at the superseded complaint as moot or instead decide, without advance notice to the litigants, that the amended complaint did not address "some of the defects" raised in the motion and then treat the motion as being directed to the amended complaint.

Rather, relying solely on the three sentences from Wright's <u>Federal Practice</u> § 1476, Defendant argues that no purpose would be served in denying as moot the motion for summary judgment so that it would be merely refiled. The reason the original motions are to be denied as moot is not dependent upon the arguments raised by the defendant, which may in fact need to be repeated in a refiled motion, but is applied as the logical consequence of treating the original complaint as a nullity after an amended complaint is filed as a matter of course. The original

complaint is treated as if it never existed. If the original complaint never existed, motions directed to it have to be given no effect.

The First Amended Complaint did far more than correct the error in naming the Defendant. It also provided seven (7) paragraphs of new factual allegations addressing the exchange of correspondence that occurred before the original complaint was filed. J.A. 77-79. Included in these allegations was the material fact that, before sending a $2.00 check to Plaintiff's counsel, the Defendant had been presented with a draft complaint that indicated that the Plaintiff had incurred actual damages and was also entitled to statutory damages and attorneys fees. J.A. 77, ¶ 29.

The Amended Complaint also specified the amount of actual damages incurred by the Plaintiff and explained that 15 U.S.C. §1693m(e) did not apply because the Defendant was not a financial institution as defined by EFTA and had not made an adjustment to the consumer's account and paid the consumer actual damages before the original lawsuit was filed. J.A. 79, 81-82, ¶¶ 34-35, 43.

The District Court issued its ruling on the motion for summary judgment before the Defendant was properly served, based upon the assumption that, notwithstanding the new allegations of actual damages and failure to meet the prerequisites of 15 U.S.C. §1693m(e), the Defendant would choose to file an identical motion for summary judgment rather than answer the First Amended

Complaint. Considering the more complete factual record, the Defendant may very well have decided not to file a motion for summary judgment without first deposing the Plaintiff. There is no way of ever knowing what would have happened because the District Court improperly ruled on a motion that was directed at a superseded pleading.

### B. EFTA Applies Different Rules to "Financial Institutions" and "Automated Teller Machine Operators"

The Plaintiff's opening brief explained that the legislative history of EFTA establishes that 15 U.S.C. § 1693m(e) was included to provide a safe harbor and incentive to financial institutions that discover improper electronic transfers effecting their customer's accounts and voluntarily correct them by adjusting the accounts. The legislative history establishes that the provision is directed only to "financial institutions" as defined by EFTA because these are the only entities with the ability to make the adjustments to a customer's account that must occur in order to qualify for the defense.

Defendant's brief fails to address this argument.

Instead, Defendant implies that the legislative history should be ignored because a "person" subject to 1693m(a) should be defined in the same manner as the "person" that is provided the benefit of the safe harbor provision in 1693m(e). This interpretation improperly focuses on the word "person" while failing to account for the manner in which EFTA was amended to create liability in this case.

4

As originally enacted, EFTA applied only to "financial institutions" that held an account belonging to a consumer. In 1999, the statute was extended to apply in some circumstances to an "automated teller machine operator," defined as follows:

> (D) Definitions.  For purposes of this paragraph, the following definitions shall apply:
>
> > (i) Automated teller machine operator
> >
> > > The term "automated teller machine operator" means any person who--
> > >
> > > (I) operates an automated teller machine at which consumers initiate electronic fund transfers; and
> > >
> > > (II) **is not the financial institution that holds the account of such consumer from which the transfer is made**.

15 U.S.C. § 1693b(3)(D)(i) (emphasis supplied). See also 12 C.F.R. § 205.16(a) ("Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or balance inquiry and that does not hold the account to or from which the transfer is made, or about which the inquiry is made."). The Defendant in this case is an "automated teller machine operator" and "is not the financial institution that holds the account" of the Plaintiff "from which the transfer is made." J.A. 75.

In this case, Defendant is alleged to have violated 15 U.S.C.A. § 1693b(3)(C), which states that:

> Prohibition on fees not properly disclosed and explicitly assumed by consumer

5

No fee may be imposed by any **automated teller machine operator** in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless--

(i) the consumer receives such notice in accordance with subparagraph (B); and

(ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

15 U.S.C. § 1693b(3)(C) (emphasis added). This provision does not apply to "financial institution[s] that hold[ ] the account of such consumer from which the transfer is made."

By using mutually exclusive definitions, Congress established different rules for "financial institutions" and "automated teller machine operators," the most striking of which is that the fee prohibition established by 15 U.S.C. § 1693b(3)(C) does not apply to financial institutions that charge their own customers such fees.

No changes were made to 15 U.S.C. § 1693m(e) as part of the 1999 amendments. Since Congress created different classes of electronic funds transfer providers, and established different rules applicable to each, there is no support for the Defendant's argument that Congress intended that the affirmative defense established by 15 U.S.C. § 1693m(e) would apply to automated teller machine operators who send refund checks and are unable to make adjustments to the consumer's account.

6

Section 1693m(e) cannot apply to an "automated teller machine operator" like the Defendant because it does not have the ability to make an adjustment to the Plaintiff's account. The affirmative defense established by 15 U.S.C. § 1693m(e) applies only to claims that could be brought against the financial institution that holds the consumer's account because that is, by definition, the only "person" with the ability to fulfill the requirement of making an adjustment to the consumer's account.

### C. The District Court Failed to Enforce Federal Rules of Civil Procedure 56(c)

The Plaintiff's opening brief explained that the motion for summary judgment was granted before the Defendant had answered or provided any affidavit in support of its factual assertions. The Plaintiff's opening brief also suggested that the District Court's analysis was wrong because it relied on allegations from the Amended Complaint that supported the Defendant's position while at the same time rejecting other allegations that established Defendant's failure to satisfy the conditions of the 15 U.S.C. § 1693m(e) affirmative defense.

As explained in 10 J. Moore et al. Moore's Federal Practice § 56.92[3] (3d ed. 2011), "documents that are not part of the record and that were not produced in response to disclosure or discovery must be introduced by an authenticating affidavit or declaration unless they are self-authenticating or trustworthy on their face." See also Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993) ("It is well

established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment. . . . To be admissible at the summary judgment stage, 'documents must be authenticated by and attached to an affidavit that meets the requirements of [former][1] Rule 56(e).' 'In particular, a letter "must be attached to an affidavit and authenticated by its author in the affidavit or a deposition.'") (internal citations omitted); Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir. 2000) ("documents supporting or opposing summary judgment must be properly authenticated."); Alexander v. CareSource, 576 F.3d 551, 558 (6th Cir. 2009) (rule that evidence submitted in opposition to summary judgment motion must be admissible is the "basis of this Court's repeated emphasis that unauthenticated documents do not meet the requirements of [former] rule 56(e)"); Scott v. Edinburg, 346 F.3d 752, 759-760 (7th. Cir. 2003) ("Marsh's report was introduced into the record without any supporting affidavit verifying it's authenticity and is therefore inadmissible and cannot be considered for purposes of summary judgment."); Shanklin v. Fitzgerald, 397 F.3d 596, 602 (8th Cir. 2005) ("As the district court explained 'to be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge

---

[1] The 2010 amendments to Rule 56 place some of the requirements of former subdivision (e)(1) in new subdivision (c)(2). See Advisory Committee Notes to 2010 amendments. "The requirement that a sworn or certified copy of a paper referred to in an affidavit or declaration is omitted as unnecessary given the requirement in [new] subdivision (c)(1)(A) that a statement or dispute of fact be supported by materials in the record." Id.

8

setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of [former] Fed. R. Civ. Proc. 56(e). Documents which do not meet these requirements cannot be considered.'"); <u>Orr v. Bank of America, NT & SA</u>, 285 F.3d 764, 773 (9th Cir. 2002) ("We have repeatedly held that unauthenticated documents cannot be considered."); <u>Weber v. Battista</u>, 494 F.3d 179, 188 (D.C. Cir. 2007) (unauthenticated note could not be considered on summary judgment).

Defendant attached to its motion a photocopy of a letter and the $2.00 check that accompanied the letter, but did not provide an affidavit authenticating the documents. Thus, the documents were not admissible evidence and therefore were not properly in the record and could not be relied upon by the District Court. Defendant implies that the District Court was free to consider the documents because they were filed in the docket and thus were, technically speaking, in the record. As demonstrated above, these documents could not be considered as evidence without an authenticating affidavit or declaration.

The Defendant's argument also illustrates the fundamental unfairness in the approach taken by the District Court in this case. Even though the Defendant failed to file an affidavit authenticating the proof offered in support of its factual assertions, the District Court granted its motion because the Plaintiff failed to provide an affidavit establishing his actual damages. J.A. 120 ("Because this case

is now before the Court on a motion for summary judgment, it was incumbent on Buechler to provide proof of his actual damages. This he has not done.") In other words, the Defendant was allowed to prove that it had paid $2.00 using inadmissible evidence while the Plaintiff was not allowed to prove that he had incurred actual damages in excess of the $2.00 in a similar manner.

### D. The Defendant Failed to Establish That it Was Entitled to the Affirmative Defense Provided by 15 U.S.C. § 1693m(e)

The Plaintiff's opening brief explained that 15 U.S.C. § 1693m(e) requires three things for a Defendant to earn its affirmative defense. First, "the person notifies the consumer concerned of the failure." 15 U.S.C. § 1693m(e). Second, the person, "complies with the requirements of this subchapter." Id. Third, the person "makes an appropriate adjustment to the consumer's account and pays actual damages or, where applicable, damages in accordance with section 1693h of this title." Id. (emphasis added).

The Plaintiff's opening brief also established that the Defendant did not fulfill the notice requirement because the Defendant did not notify the Plaintiff of the violation of EFTA. Rather, it was the Plaintiff who notified the Defendant that its ATM machine was not in compliance. J.A. 33, 44-45. The brief also demonstrated that Defendant failed to establish the amount of actual damages suffered by Plaintiff and that it had paid these damages to the Plaintiff before the institution of the action. The brief also argued that "Generally, the defendant who

10

pleads an affirmative defense has the burden of proof." <u>Bengston v. Gibbs</u>, 884 F.2d 1387, at *1 (4th Cir. 1989) (citing <u>Lambe-Young, Inc. v. Cook</u>, 320 S.E.2d 699, 702 (N.C.App. 1984)).

Defendant's brief fails to address these arguments or point to any authority holding that the Plaintiff was required to bear the burden of disproving the applicability of the affirmative defense provided by 15 U.S.C. § 1693m(e). Instead, Defendant argues that it is entitled to the affirmative defense because the only actual damage incurred by the Plaintiff was the $2.00 fee that the Defendant charged as part of the ATM transaction.

Paragraph 43 of the First Amended complaint set forth allegations of actual damages incurred by the Plaintiff. J.A. 37-38, ¶ 43. Plaintiff also submitted a declaration that further detailed his out of pocket expenditures for postage in support of his motion for reconsideration. J.A. 128-129.

The Defendant had the burden of proving all elements of the affirmative defense and therefore was required to produce admissible evidence establishing that either these out of pocket expenses had not, in fact, been incurred by the Plaintiff or that the Defendant had paid these damages to the Plaintiff before the lawsuit was initiated. Having failed to do either, Defendant was not entitled to summary judgment based upon the affirmative defense provided by 15 U.S.C. § 1693m(e).

11

The term "actual damages" is not defined by EFTA nor any other part of the Consumer Credit Protection Act, 15 U.S.C. §§ 1601-1693. Rather, Congress left it to the courts to apply the term "actual damage" to particular cases in accordance with the purposes of the consumer protection statutes.

Black's Law Dictionary defines actual damages as: "An amount awarded to a complainant to compensate for a proven injury or loss; damages that repay actual losses. Also termed compensatory damages; tangible damages; real damages." DAMAGES, Black's Law Dictionary (9th ed. 2009). "The objective of an award of compensatory damages is to make the plaintiff whole by monetary compensation." In re Rood, 459 B.R. 581, 608 (Bankr. D. Md. 2011) (appeal dismissed in part, CIV.A. DKC 11-3059, 2012 WL 748573 (D. Md. Mar. 6, 2012)) (quoting Exxon Corp. v. Yarema, 69 Md. App. 124, 137, 516 A.2d 990, 997 (1986), cert denied, 309 Md. 47, 522 A.2d 392 (1987)). See also Nordetek Envtl., Inc. v. RDP Technologies, Inc., CIV.A. 09-4714, 2012 WL 1719660 (E.D. Pa. May 16, 2012) ("compensatory damages 'have as their purpose the desire to make the plaintiff whole'") (quoting Feingold v. Se. Pa. Transp. Auth., 512 Pa. 567, 517 A.2d 1270, 1276 (1986)).

For this reason, Defendant's reliance on Doe v. Chao, 306 F.3d 170 (4th Cir. 2002) is completely misplaced. First, the statute at issue in that case was the Privacy Act, 5 U.S.C.A. § 552a(g)(4), under which a plaintiff is entitled to recover

"actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000." Doe v. Chao, 306 F.3d 170, 176 (4th Cir. 2002) aff'd, 540 U.S. 614, 124 S. Ct. 1204, 157 L. Ed. 2d 1122 (2004). Importantly, the opinion's discussion of nominal damages was in the context of a claim for emotional distress damages that was not supported by evidence of medical, psychological or psychiatric treatment. The Court did not hold that a small or nominal amount of harm could not be actual damages. Rather, it explained that "[a]n award of merely nominal damages means that a plaintiff has not shown 'actual injury.'" Id. at 181.

In this case, although the amount of the out of pocket expenses was small, the amount still qualifies as actual financial injury. Thus, the actual damages necessary to make the Plaintiff financially whole would include the "First Class Postage of $1.30; Certified Mail Fee of $2.95; and return receipt fee of $1.15," incurred in retaining counsel to alert the Defendant of its violation of EFTA and obtaining a refund. J.A. 128.

In this case, there is no dispute that the Defendant's return of just the $2.00 transaction fee failed to make the Plaintiff whole and therefore failed to pay the Plaintiff the actual damages he incurred as a result of Defendant's violation of EFTA. Having failed to make the Plaintiff whole before the original complaint was filed, the Defendant failed to meet the preconditions of the affirmative defense

13

provided by 15 U.S.C. § 1693m(e).

**E.**    **The District Court Abused its Discretion by Failing to Allow the Plaintiff an Opportunity to Properly Support the <u>Allegations of Actual Damages</u>**

The Plaintiff included a sworn declaration addressing the actual damages he suffered as part of his motion for reconsideration, and requested that the Court exercise its discretion under Fed. R. Civ. Proc. 56(e) to consider this evidence. J.A. 125-29. This declaration was supplied to supplement and complete the record because the District Court had previously ruled that "[b]ecause this case is now before the Court on a motion for summary judgment, it was incumbent on Buechler to provide proof of his actual damages." J.A. 120. The District Court refused Plaintiff's request and denied the motion for reconsideration. J.A. 137.

Rule 56(e) is specifically designed to allow a party a second chance to produce evidence that, obviously, could have been produced as part of an earlier response to the motion for summary judgment. The rule only comes into play if the District Court determines that a party has failed to "properly support an assertion of fact or fails to properly address another party's assertion." Logically, this only occurs where the party failed to provide the required proof when the party had the first opportunity to do so. Thus, the District Court's dismissal of the argument as "specious" because "Buechler had an opportunity that he did not take to present evidence to the Court," J.A. 137, demonstrates that the District Court interpreted

14

Rule 56(e) too narrowly.

Defendant has not offered any argument justifying the District Court's exercise of discretion or interpretation of Rule 56(e).

The Plaintiff's opening brief also explained that allowing the Plaintiff the opportunity provided by Rule 56(e) would have been especially appropriate because the District Court could also have taken judicial notice under Fed. R. Evid. 201 of the fact that the Plaintiff's actual damages must have exceeded the $2.00 transaction fee because, at the very least, the settlement demand letter was mailed and required the purchase of postage for delivery.

Defendant's brief fails to address this argument.

## <u>CONCLUSION</u>

For the reasons stated, Plaintiff requests that this Court reverse the orders of the District Court and remand the case to the District of Maryland.

Respectfully Submitted,

*E. David Hoskins*

_____
E. David Hoskins
The Law Offices of E. David Hoskins, LLC
2 Hamill Road, Suite 362
Baltimore, Maryland 21210
*Counsel for Plaintiff*

## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 12-1477      **Caption:** James Buechler v. Your Wine & Spiri Shoppe, Inc.

## CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32(a)
Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1. **Type-Volume Limitation:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 14,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 16,500 words or 1,500 lines. Any Reply or Amicus Brief may not exceed 7,000 words or 650 lines. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include footnotes in the count. Line count is used only with monospaced type.

This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

☑  this brief contains _____3588_____ [*state number of*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

☐  this brief uses a monospaced typeface and contains _____ [*state number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

☑  this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Mac 2011 _____ [*identify word processing program*] in Times New Roman 14 _____ [*identify font size and type style*]; **or**

☐  this brief has been prepared in a monospaced typeface using _____ [*identify word processing program*] in _____ [*identify font size and type style*].

(s) E. David Hoskins _____

Attorney for Appellant James Buechler _____

Dated: July 10, 2012 _____

## **CERTIFICATE OF SERVICE**

In accordance with Rule 25 of the Rules of the United States Court of Appeals for the Fourth Circuit, I hereby certify that I have this 10th day of July, 2012, filed the required copies of the foregoing Reply Brief of Appellant in the Office of the Clerk of the Court, via hand delivery and have electronically filed the Reply Brief of Appellant using the Court's CM/ECF system which will send notification of such filing to the following counsel:

I also certify that a copy of the Reply Brief of Appellant was mailed via U.S. Postal Service, First-class mail, postage paid, this 10th day of July, 2012 to the following counsel:

Douglas C. Meister
MEYERS, RODBELL & ROSENBAUM, P.A.
Berkshire Building, Suite 400
6801 Kenilworth Avenue
Riverdale, MD 20737-1385

Counsel for Appellee
Your Wine & Spirit Shoppe, Inc.

_/s/ E. David Hoskins_
E. David Hoskins

Counsel for Appellant